# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINALD BURRELL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:21-cv-25-TFM-B |
| | ) | |
| **SHARON LANGHAM,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner's *Motion for Relief from Judgment or Order Pursuant to Rule 60(b), Fed. R. Civ. P.* (Doc. 60, filed 3/9/23). Petitioner seeks relief from the Memorandum Opinion and Order and the accompanying Judgment entered in this case on July 29, 2022 which adopted the Report and Recommendation of the Magistrate Judge. *See* Docs. 45, 52, 53. Having reviewed the motion, the Court finds that no response is necessary prior to the issuance of this opinion.

Fed. R. Civ. P. 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P.

60(c)(1).

The current motion seems to rely mostly on Rule 60(b)(2) stating that the Magistrate Judge and the undersigned relied upon a fabricated amount of money found by the Montgomery County Circuit Court when it denied Burrell's motion to proceed *in forma pauperis*. *See* Doc. 45 at 12 n. 8. The problem here is that Petitioner relies upon "newly discovered evidence." Putting aside that this is a habeas proceeding where it did not proceed to trial, the Court cannot find that with reasonable diligence this information could not have been previously discovered since it relates back to his original state habeas proceedings and findings made by that Court..

Reviewing the rest of his motion, the Court presumes that it is brought under Rule 60(b)(6) – i.e. any other reason that justifies relief. The majority of the arguments focus on his disagreement with the Court's findings and his opinion that they are erroneous. After a review of the current motion and the underlying Memorandum Opinion/Report and Recommendation, the Court finds no basis to changes its original ruling.

Finally, the Court finds that over eight months have passed since the Court entered its Memorandum Opinion and Judgment and almost eleven months since the entry of the Report and Recommendation. As a result, in this particular case on these facts, the Rule 60(b) motion was not made within a reasonable period of time which alone is sufficient cause for denial.

Accordingly, Petitioner's *Motion for Relief from Judgment or Order Pursuant to Rule 60(b), Fed. R. Civ. P.* (Doc. 60) is **DENIED** and Petitioner is not entitled to relief pursuant to Fed. R. Civ. P. 60. The Clerk of Court is **DIRECTED** to provide a copy of this order to the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** this the 16th day of March 2023.

                                                s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES DISTRICT JUDGE